## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA ex rel. PAUL TAHLOR, M.D., AND MARGARET MARINO, R.N.,** | Civ. No. 2:08-cv-02042 (WJM) |
| **Plaintiffs,** | **AMENDED OPINION** |
| **v.** | |
| **AHS HOSPITAL CORPORATION, ATLANTIC HEALTH SYSTEMS, INC., SUMMIT MEDICAL GROUP, EMERGENCY MEDICAL ASSOCIATES OF NEW JERSEY, HOSPITALIST ASSOCIATES, INC., DAVID SCHRECK, M.D., AND SAMIR PATEL, M.D.,** | |
| **Defendant.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

The Relators in this *qui tam* False Claims Act ("FCA") case, Paul Tahlor and Margaret Marino, allege that several physicians and physician practice groups submitted false claims to Medicare. Defendants Summit Medical Group ("SMG"), Emergency Medical Associates of New Jersey ("EMA"), Hospitalist Associates, Inc. ("HA"), Dr. David Schreck, and Dr. Samir Patel move pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) to dismiss the Third Amended Complaint ("TAC") in part, and they also move pursuant to Federal Rule of Civil Procedure 12(f) to strike certain allegations in the TAC.[1] There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, the motions to dismiss are **GRANTED IN PART**, and **DENIED IN PART**, and the motions to strike are **DENIED**.

## I.    BACKGROUND

Because the Court set forth relevant background information in its prior opinion in this case, *U.S. ex rel. Tahlor v. AHS Hosp. Corp.*, No. 8-2042, 2013 WL 5913627 (D.N.J.

---

[1] Relators voluntarily dismissed their claims against AHS Hospital Corporation and Atlantic Health Systems, Inc. before the instant motions were filed. ECF Nos. 90 & 91.

Oct. 31, 2013) ("*AHS I*"), this section summarizes the allegations and procedural history relevant solely to the instant motions.

Relators, one a physician advisor, and one a nurse case manager, worked at a hospital called OMC. TAC ¶¶ 13-14. Healthcare services at OMC and another hospital, MMC, were (and still are) provided by AHS Hospital Corporation. *Id.* ¶ 15. Prior to June 1, 2007, healthcare services at a third hospital, Mountainside, were also provided by AHS. *Id.* The Complaint alleges that Defendants and/or their employees worked at OMC, MMC, and Mountainside. *Id.* ¶¶ 3, 239.

On April 25, 2008, Relators filed a sealed *qui tam* Complaint against a host of individuals and entities, including Defendants. ECF No. 1. The Complaint alleged that Defendants violated the FCA by submitting false and fraudulent Medicare claims. Notably, the Complaint named OMC as a Defendant, but it did not name MMC or Mountainside as a Defendant. Moreover, the Complaint sought to recover for FCA violations at OMC, but not at MMC or Mountainside.

On May 20, 2008, the Court entered an order ("the Administrative Order") staying the case but not dismissing it. ECF No. 6. The Administrative Order states:

> ORDERED that in the event this matter is administratively reopened for any reason, the rights of the Relators and the United States in the above-captioned matter be and are hereby fully preserved as they exist at the time of entry of this Order, including, but not limited to, Relators' rights under . . . [31 U.S.C.] § 3731(b) [the FCA's statute of limitations provision]

*Id.*

On November 7, 2012, after the case was reopened, Relators filed their First Amended Complaint ("FAC"). ECF No. 37. Unlike the original Complaint, the FAC sought to recover for FCA violations not just at OMC, but for FCA violations at MMC and Mountainside, as well. Specifically, in Counts 1 and 2, the FAC asserted that Defendants engaged in six "schemes" that allegedly violated the FCA. Two of those schemes warrant the Court's attention for purposes of the present motion, Schemes 1 and 6 (all other schemes have been abandoned or dismissed with prejudice):

- Scheme 1: Billing Medicare for inpatient hospital services for patients who did not meet medical necessity criteria for inpatient admission.

- Scheme 6: Improperly keeping patients on the inpatient service for three days so that Medicare would pay for those same patients to be admitted to skilled nursing facilities ("SNFs").

FAC ¶¶ 3(a), 3(f).

On February 21, 2013, Defendants moved to dismiss the FAC. ECF No. 55. Relators simultaneously opposed the motion and cross-moved to file a proposed Second Amended Complaint ("SAC"). ECF No. 69. In its decision in *AHS I*, the Court granted

the motion to dismiss in part. On jurisdictional grounds, the Court dismissed the Scheme 1 claims based on (a) conduct at OMC that post-dated July 31, 2009; and (b) conduct at MMC. *AHS I*, 2013 WL 5913627, at *11. The Court dismissed the additional Scheme 1 claims against Defendants without prejudice. *Id.* at **12-14. Furthermore, the Court dismissed the Scheme 6 claims without prejudice against all Defendants except for Dr. Schreck. *Id.* at *14.

The Court denied Relators' cross-motion to amend. *Id.* at *17. The Court noted that Relators' proposed SAC cured pleading deficiencies in Relators' Scheme 1 claims against Defendants based on pre-August 1, 2009 conduct at OMC. However, because the proposed SAC included claims that were jurisdictionally barred, the Court granted leave for Relators excise the jurisdictionally barred claims and file a TAC.

On December 2, 2013, Relators filed the TAC. ECF No. 89. The TAC contains two counts, both of which are pled under the FCA. The TAC asserts FCA claims based on two schemes only: Scheme 1 (improper inpatient admissions) and Scheme 6 (improperly prolonging admissions so that Medicare would cover patients' treatment at a skilled nursing facility).

Relators' Scheme 1 allegations target conduct at OMC prior to August 1, 2009, since the claims based on subsequent conduct at OMC are jurisdictionally barred. *AHS I*, 2013 WL 5913627, at *11. For the reasons set forth in *AHS I*, the Scheme 1 allegations against all Defendants based on pre-August 1, 2009 conduct at OMC will proceed to discovery regardless of the outcome of the instant motions. *Id.* at *17. Additionally, Relators' Scheme 1 allegations target conduct at MMC—even though Scheme 1 allegations based on conduct at MMC were dismissed with prejudice in *AHS I*. *Id.* at *11-12. Finally, Relators' Scheme 1 allegations also target conduct at Mountainside.

The Scheme 6 claims target conduct at OMC, MMC, and Mountainside by all Defendants.

On January 16, 2014, Defendants filed the instant motions to dismiss and to strike. ECF Nos. 95-98.

## II.   MOTIONS TO DISMISS

Defendants move under Federal Rules of Civil Procedure 12(b)(6) and 9(b) to dismiss (a) the Scheme 1 claims based on conduct at MMC; (b) the Scheme 1 claims based on conduct at Mountainside; and (c) the Scheme 6 claims based on conduct at OMC, MMC, and Mountainside. In the alternative, Defendants move to dismiss, on statute of limitations grounds, all claims based on pre-November 7, 2006 conduct at MMC and Mountainside.

### A.   Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under

Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To comply with Federal Rule of Civil Procedure 8(a), factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." "[T]o satisfy the standards of Rule 9(b)," a relator can offer "particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 157-58 (3d Cir. 2014).

## B.    Application

The Court begins by considering Defendants' motions to dismiss Relators' Scheme 1 and Scheme 6 claims under Federal Rules of Civil Procedure 12(b)(6) and 9(b). Next, the Court turns to Defendants' statute of limitations argument.

### 1.    Scheme 1

In Scheme 1, Relators allege that Defendants billed Medicare for inpatient hospital services that were not medically necessary. Defendants' move to dismiss the Scheme 1 allegations to the extent the allegations are based on (a) conduct at Mountainside; and (b) conduct at MMC. Here, Defendants argue that Relators have failed to satisfy Rule 8(a)'s requirement to plead with plausibility and Rule 9(b)'s requirement to plead with particularity. The Court is not persuaded.

In *AHS I*, the Court recognized that allegations in the proposed SAC—allegations that have been included in the TAC—stated a Scheme 1 FCA claim against Defendants based on pre-August 1, 2009 conduct at OMC. *AHS I*, 2013 WL 5913627, at **17-18. The Court explained that Relators had pled (a) that Defendants admitted patients for unnecessary inpatient care; (b) that Defendants essentially stated they could admit patients

as they pleased; and/or (c) that Defendants simply refused to use the "observation" level of care so that they could instead submit higher bills for inpatient care. *Id.*

Defendants note, rightly, that while the TAC mentions OMC on several occasions, it says little about Mountainside. In other circumstances, that deficiency might be cause for dismissal under Rules 8(a) and/or 9(b). But this case is different because Relators' have alleged a Scheme 1 FCA claim against Defendants based on conduct at OMC. In other cases, courts have accepted, for purposes of a motion to dismiss, that a defendant violating the FCA in one location was engaging in the same conduct in another location. *See U.S. ex rel. Duxbury v. Ortho Biotech Prods., L.P.*, 579 F.3d 13, 30-31 (1st Cir. 2009) ("Duxbury has alleged facts that false claims were in fact filed by the medical providers he identified, which further supports a strong inference that such claims were also filed nationwide."); *U.S. ex rel. Drennen v. Fresenius Med. Care Holdings, Inc.*, No. 9-10179, 2012 WL 8667597, at **1-2, (D. Mass. Mar. 6, 2012) (plaintiff sufficiently alleged nationwide violations where he pled that false claims were submitted for six patients and where they pled that defendant's nationwide billing practices were similar); *U.S. ex rel. Spay v. CVS Caremark Corp.*, 913 F. Supp. 2d 125, 177 (E.D. Pa. 2012) ("Indeed, the sheer number of claims identified by Plaintiff in at least three states and Puerto Rico suggests, without need for speculation, that Defendants' reporting practices likely occurred at Defendants' other facilities throughout the country."). Here, Defendants are effectively asking the Court to accept, for purposes of a motion to dismiss, that while they were improperly billing Medicare at one AHS hospital, OMC, they were not doing the exact same thing at another AHS hospital, Mountainside. The Court will not make this inference for purposes of a motion to dismiss. Accordingly, the Court will **DENY** the motions to dismiss the Scheme 1 claims to the extent they are based on conduct at Mountainside.

To the extent Relators' Scheme 1 claims seeks to recover based on conduct at MMC, their claims were already dismissed with prejudice. *AHS I*, 2013 WL 5913627, at **11-12. Accordingly, the Court will **GRANT** the motions to dismiss Scheme 1 claims **WITH PREJUDICE** to the extent they are based on conduct at MMC.

2.    Scheme 6

Scheme 6 alleges that the non-AHS Defendants admitted certain patients as inpatients and kept them in the hospital for three days just so Medicare would cover the patients' post-hospital care services at skilled nursing facilities. Defendants move to dismiss Relators' Scheme 6 allegations, arguing (a) that Scheme 6 allegations have already been dismissed with prejudice against all Defendants except Dr. Schreck; and (b) that the Scheme 6 allegations fail to satisfy Rules 12(b)(6) and 9(b).

Defendants' first argument is incorrect. While the *AHS I* opinion at one point mistakenly stated that the Scheme 6 dismissal against all Defendants but Dr. Schreck operated with prejudice, *AHS I*, 2013 WL 5913627, at *14, the opinion subsequently clarified that the dismissal operated without prejudice, *id.* at *18. Moreover, the order accompanying the opinion stated that the dismissal operated without prejudice. ECF No. 82 at 4-5. Finally, it is clear from the reasoning of *AHS I* that the Court believed it was

conceivable that Relators could file an amended pleading that would correct the Scheme 6 deficiencies in the FAC.

Defendants' second argument is also incorrect. Here, Defendants take the position that the TAC makes no specific allegations about Scheme 6 conduct committed by Dr. Patel, HA, EMA, and SMG. While Relators' Scheme 6 allegations are not specific with regards to these Defendants, the Court is not persuaded that dismissal is proper. Scheme 1, which alleges improper inpatient admissions, is moving ahead with respect to claims based on conduct at OMC (in a particular timeframe) and with respect to claims based on Mountainside. And were it not for the jurisdictional dismissal of the claims based on conduct at MMC, it would also move forward with respect to claims based on conduct at MMC. Since Scheme 1 is moving ahead, and since Scheme 6 is essentially a special case of Scheme 1 since it alleges improper use of inpatient care, the Court will permit discovery on whether Defendants were committing Scheme 6 violations at OMC, MMC, and Mountainside. Accordingly, the motion to dismiss Scheme 6 is **DENIED**.

3.    Statute of Limitations

Finally, Defendants argue that Relators' claims based on pre-November 7, 2006 conduct at MMC and Mountainside are time-barred under the FCA's six-year statute of limitations, 31 U.S.C. § 3731(b). The Court disagrees.

The Administrative Order, filed less than one month after the original Complaint, states that if the case is to be reopened, Relators' rights will be "fully preserved as they exist at the time of entry of this Order." The Administrative Order specifies that this preservation of rights "includ[es], but [is] not limited to, Relators rights under . . . 31 U.S.C. §3731(b)," which is the FCA's statute of limitations.

Defendants argue that the Administrative Order does not apply to Relators' claims based on conduct at MMC and Mountainside because the original Complaint did not assert claims based on conduct at MMC and Mountainside. Accordingly, Defendants take the position that the statute of limitations on such claims was running while the case was stayed. Because the statute of limitations on these claims was never tolled, Defendants argue, the six-year limitations bar for these claims should be calculated based on the FAC, which was the first pleading to assert claims based on conduct at MMC and Mountainside. The FAC was filed on November 7, 2012. Subtracting six years from November 7, 2012 gives a date of November 7, 2006. Accordingly, Defendants argue that claims based on pre-November 7, 206 conduct at MMC and Mountainside are time-barred. The Court finds Defendants' argument to be unpersuasive.

In *AHS I*, Relators argued that the Administrative Order tolled the statute of limitations on retaliation claims that accrued long after the Administrative Order was signed. Because the Administrative Order only addressed rights that "exist[ed] at the time of entry," the Court held that the Administrative Order did not reach the retaliation claim. *AHS I*, 2013 WL 5913627, at *16. Unlike the retaliation claims asserted in the FAC, the claims based on conduct at MMC and Mountainside allegedly accrued when the initial

Complaint was filed. As such, the Administrative Order's tolling provision applies to those claims.

Defendants disagree. They argue that the Administrative Order applies only to claims based on conduct at OMC. While it is true that the original Complaint did not seek to recover based on conduct at MMC and Mountainside, the Administrative Order is not as narrow as Defendants believe it to be. The Administrative Order says that Relators' "rights will be preserved," not that Relators' rights will be preserved only to the extent they concern conduct at OMC.

In a similar vein, Defendants argue that the Administrative Order does not extend to conduct at MMC and Mountainside because when the Government applied for a stay (which was granted as part of the Administrative Order) the Government represented only that it needed more time to investigate the allegations concerning "the named defendants." The "named defendants" in the original Complaint are the same Defendants now asserting claims based on conduct at MMC and Mountainside.

Next, Defendants argue that it would be unjust to interpret the Administrative Order to encompass MMC and Mountainside. Here, Defendants take the position that tolling the statute of limitations would thwart the goal of a statute of limitations, which is to prevent an unfair surprise. This argument rings hollow here. The toll was put in place while the case was sealed. Regardless of what was tolled, Defendants would, at least in theory, be surprised when the seal was lifted. Accordingly, the Court will **DENY** the motion to dismiss to the extent it is based on the FCA's six-year statute of limitations.

## III.   MOTIONS TO STRIKE

### A.   Legal Standard

Rule 12(f) allows courts to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Motions to strike "usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Deery v. Crystal Instruments Corp.*, No. 13-198, 2013 WL 4517867, at *1 (D.N.J. Aug. 23, 2013) (internal quotations and citations omitted).

### B.   Application

Defendants argue that the TAC is replete with allegations that are immaterial because they relate to claims that have either been dismissed or abandoned. Accordingly, without referencing specific paragraphs of the TAC, Defendants move to strike a host of allegations pursuant to Rule 12(f).

First, Defendants SMG, EMA, HA, and Dr. Patel move to strike allegations relating to Scheme 6 conduct at OMC, MMC, and Mountainside. Based on the Court's decision to deny SMG, EMA, HA, and Dr. Patel's motions to dismiss Scheme 6, the Court will not strike the relevant allegations.

Second, Defendants SMG, EMA, HA, and Dr. Patel move to strike allegations based on what the FAC refers to as "Scheme 5," namely billing for inpatient hospital services for patients whose stays extended longer than was medically necessary. As set forth in *AHS I*, these allegations are closely related to Scheme 6 allegations. *AHS I*, 2013 WL 5913627, at *14. The Court will not strike them from the TAC.

Third, Defendants move to strike allegations relating to (a) post-July 31, 2009 Scheme 1 conduct at OMC; and (b) Scheme 1 conduct at MMC. It is true that the Court previously dismissed Scheme 1 allegations based on post-July 31, 2009 conduct at OMC and based on conduct at MMC. While allegations relating to this conduct might not be particularly relevant, they nevertheless speak, in some way, to the Scheme 1 conduct that has survived the motion to dismiss. Defendants make no argument that the allegations, besides from being immaterial, are prejudicial. Accordingly, the Court will not strike allegations relating to post-July 31, 2009 scheme 1 conduct at OMC and Scheme 1 conduct at MMC.

Fourth, Defendants move to strike allegations concerning failures to correct (a) improper post-July 31, 2009 claims for inpatient and observation admissions at OMC; and (b) improper claims for inpatient and observation admissions at MMC (these were the subject of "Scheme 3" in the FAC). Defendants also move to strike allegations concerning failures to inform physicians and patients when OMC, MMC, and Mountainside changed a patient's status from inpatient to outpatient (this was the subject of "Scheme 4" in the FAC). While the Court previously held that this conduct was not actionable, it does not find the allegations sufficiently immaterial or prejudicial to warrant granting a Rule 12(f) motion. Accordingly, the motion to strike is **DENIED**.

## V.   CONCLUSION

For the foregoing reasons, the motions to dismiss is **GRANTED IN PART**, and **DENIED IN PART**. Scheme 1 claims based on conduct at MMC are **DISMISSED WITH PREJUDICE**. Scheme 1 claims based on conduct at Mountainside and Scheme 6 claims survive. The motion to strike is **DENIED**. An appropriate Order follows.

_____

**WILLIAM J. MARTINI, U.S.D.J.**

Date: **August 26, 2014 (Amended September 10, 2014)**

8